UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4026

ROBERT E. MALCOM,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-97-97)

Submitted: August 4, 1998

Decided: September 10, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, George H. Lancaster, Jr.,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Monica K.
Schwartz, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert E. Malcom was convicted pursuant to his guilty plea of distribution of methamphetamine and marijuana. On appeal, he alleges that the district court erred by considering certain uncharged acts of prior drug activity, which occurred more than seventeen months prior to the offense of conviction, as relevant conduct pursuant to USSG § 1B1.3.**1** Finding no error, we affirm.

From late 1994 until September 1995, Malcom regularly purchased methamphetamine and marijuana from John Witt and his wife Kathy. While Malcom used some of the drugs himself, most of the purchases were made with the intent to distribute. Occasionally, Malcom gave John Witt marijuana in exchange for methamphetamine. The Witts unilaterally decided to stop doing business with Malcom after he failed to pay a $500 drug debt.**2** John Witt was arrested in September 1996 on federal drug charges, and he and his wife agreed to cooperate with authorities. As part of their agreement to cooperate, Kathy Witt acted as a confidential informant. She contacted Malcom about the possibility of purchasing methamphetamine and marijuana from him, and Malcom readily agreed. Kathy Witt purchased the drugs from Malcom in March 1997, and this transaction served as the offense of conviction.

Malcom alleges that the district court erroneously determined that the 1994-95 transactions with the Witts constituted relevant conduct for purposes of USSG § 1B1.3. We disagree. For offenses in which

_____

**1** **U.S. Sentencing Guidelines Manual** (1997).
**2** The Government presented evidence showing that while Malcom no longer received drugs from the Witts, he continued to distribute methamphetamine and marijuana, including a transaction with a confidential informant in October 1996.

2

the Guidelines depend mainly on quantity (such as drugs), conduct not specified in the count of conviction may be considered relevant conduct if it is part of the same course of conduct or part of a common scheme or plan as the count of conviction. See USSG § 1B1.3(a)(2), comment. (n.3 and backg'd). We look at the similarity, regularity, and temporal proximity between the two offenses to determine whether the uncharged misconduct satisfies this requirement. See United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir. 1992).

While the temporal proximity of the two offenses may be thought remote, that alone does not preclude a relevant conduct finding, especially where, as here, the respite was not of the defendant's choosing. See United States v. Cedan-Rojas, 999 F.2d 1175, 1198 (7th Cir. 1993). More critically, the evidence clearly sufficed to establish the other two elements of the Mullins test: regularity and similarity. There was evidence that Malcom regularly engaged in drug transactions with the Witts. And, while Malcom only distributed drugs to a confidential informant on two occasions, nothing in the record contradicts the Government's evidence that Malcom sold drugs on a regular basis between 1994 and 1997. Finally, the offenses in question were very similar in that they involved the same people and the same drugs.[3]

We therefore affirm Malcom's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
[3] We reject Malcom's assertion that the offenses were dissimilar because the buyer-seller relationship was reversed. Malcom and the Witts had an established relationship, and the evidence suggested that Malcom wanted to rekindle it.

3